UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12459-PBS

| | |
|---|---|
| AT&T WIRELESS PCS, LLC d/b/a AT&T WIRELESS, and TOWER RESOURCE MANAGEMENT, INC.,<br><br>     Plaintiffs<br><br>v.<br><br>TOWN OF ACUSHNET, MASSACHUSETTS, ZONING BOARD OF APPEALS OF THE TOWN OF ACUSHNET and LAWRENCE G. MARSHALL, RONALD MATTON, RICK LALLY, PAUL HIPOLITO, PAUL TRAHAN, as they are Members and Associate Members of the Board,<br><br>     Defendants | ANSWER |

1.      The first sentence contains conclusions of law for which no answer is required;

otherwise denied.  The second sentence is admitted.

2.      Paragraph 2 contains conclusions of law for which no answer is required;

otherwise denied.

3.      Paragraph 3 contains conclusions of law for which no answer is required;

otherwise denied.

4.      Paragraph 4 contains conclusions of law for which no answer is required;

otherwise denied.

5.      Defendants are without knowledge or information sufficient to either admit or

deny the averments contained in this paragraph.

6.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Admitted, except that the name of the street is Hamlin.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

16.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

17.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

18.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

19.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

20.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

21.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

22.    Defendants state that the Bylaw in its entirety speaks for itself, and therefore denies the averments in this paragraph.

23.    Defendants state that the Bylaw speaks for itself.

24.    Admitted.

25.    Defendants state that the Bylaw in its entirety speaks for itself, and therefore deny the averments in this paragraph.

26.    Admitted.

27.    Defendants state that the Bylaw in its entirety speaks for itself, and therefore deny the averments in this paragraph.

28.    Defendants state that the Bylaw in its entirety speaks for itself, and therefore deny the averments in this paragraph.

29.    Defendants admit the averments set forth in the first sentence.  Defendants are without knowledge or information sufficient to either admit or deny the averments contained in the second sentence.

30.    Admitted.

31.    Admitted.

32.    Paragraph 32 contains conclusions of law for which no answer is required; otherwise denied.

33.    Defendants state that the Bylaw in its entirety speaks for itself, and therefore deny the averments in this paragraph.

3

34.    Defendants admit the averments set forth in the first and third sentences of this paragraph. Defendants are without knowledge or information sufficient to either admit or deny the averments contained in the second sentence of this paragraph.

35.    Admitted.

36.    Defendants admit that one parking space is proposed; and further answering, defendants are without knowledge or information sufficient to either admit or deny the remaining averments in this paragraph.

37.    Defendants admit that the plaintiffs propose to construct the facility on the identified Site; otherwise denied.

38.    Defendants admit that the Site is in the RA zoning district.   Defendants are without knowledge or information sufficient to either admit or deny the remaining averments in the first sentence of this paragraph.

39.    Defendants are without knowledge or information sufficient to either admit or deny the averments in this paragraph.

40.    Defendants admit that Plaintiffs propose to construct the monopole at the Site, and that the proposed height is 170 feet above ground level, but are without knowledge or information sufficient to either admit or deny the averments in the remaining in this paragraph.

41.    Defendants admit that the facility was proposed as described in paragraph 41.

42.    Defendants admit that the facility was proposed as described in paragraph 42.

43.    Defendants admit that the facility was proposed as described in paragraph 43.

44.    Defendants admit that the facility was proposed, as described in paragraph 44.

45.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

46.    Defendants deny that the application was filed on September 30, 2003; and further answering, defendants state that the application speaks for itself.

47.    Defendants admit that the application was submitted, but deny that it complied with the requirements for a special permit and variance under the By-Law and G.L. c. 40A, §§9, 10.

48.    Denied.

49.    Denied.

50.    The first sentence is admitted.  Defendants admit that the co-applicants describe the Site and the project in the second sentence of paragraph 50, but deny that the co-applicants satisfied the special permit and variance criteria.

51.    Defendants admit that AT&T presented evidence; otherwise denied.

52.    Admitted.

53.    Admitted.

54.    Admitted.

55.    Defendants state that the Decision in its entirety speaks for itself, and therefore deny the averments in this paragraph.

56.    Defendants state that the Decision in its entirety speaks for itself, and therefore deny the averments in this paragraph.

57.    Defendants state that the Decision in its entirety speaks for itself, and therefore deny the averments in this paragraph.

58.    Defendants state that the Decision in its entirety speaks for itself, and therefore deny the averments in this paragraph.

59.    Defendants state that the Decision in its entirety speaks for itself, and therefore deny the averments in this paragraph.

60.    Defendants state that the Decision in its entirety speaks for itself, and therefore deny the averments in this paragraph.

61.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

62.    Paragraph 62 contains conclusions of law for which no answer is required; otherwise denied.

63.    Paragraph 63 contains conclusions of law for which no answer is required; otherwise denied.

## COUNT I

64.    Defendants incorporate their answers set forth in paragraphs 1-63 as if set forth fully herein.

65.    This paragraph states conclusions of law which do not require a response; otherwise denied.

66.    Denied.

67.    Denied.

68.    Denied.

## COUNT II

69.    Defendants incorporate their answers set forth in paragraphs 1-69 as if set forth fully herein.

70.    This paragraph states conclusions of law which do not require a response; otherwise denied.

71.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

72.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

73.    Admitted that use variances are not allowed under the Bylaw; defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

74.    Denied.

75.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

76.    Defendants are without knowledge or information sufficient to either admit or deny the averments contained in this paragraph.

77.    Denied.

78.    Denied.

<h2 style="text-align:center">COUNT III</h2>

79.    Defendants incorporate their answers set forth in paragraphs 1-78 as if set forth fully herein.

80.    Denied.

81.    Denied.

82.    Denied.

<h2 style="text-align:center">COUNT IV</h2>

83.    Defendants incorporate their answers set forth in paragraphs 1-82 as if set forth fully herein.

7

84.    Denied.

### FIRST DEFENSE

The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

The complaint should be dismissed with regard to plaintiff Tower Resource Management, Inc. for failure to state claim upon which relief may be granted in that Tower Resource Management, Inc. lacks standing to assert a claim under the Telecommunications Act of 1996, 17 U.S.D.C. §332(c)(7)(B)(i), effective prohibition.

### THIRD DEFENSE

Count III of the complaint (declaratory judgment) should be dismissed for failure to state a claim upon which relief may be granted.

### FOURTH DEFENSE

Count IV of the compliant (G.L. c. 40A, §17) should be dismissed for lack of subject matter jurisdiction.

FIFTH DEFENSE

At all times relevant hereto, the defendants acted within their lawful authority and discretion.

TOWN OF ACUSHNET, MASSACHUSETTS, ET AL.

By their attorneys,

Barbara J. Saint André (BBO# 438030)
Patricia A. Cantor (BBO# 072380)
Kopelman and Paige, P.C.
Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

212941/ACUS/0053

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _____ 13 2004

9

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

———
EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

———
WILLIAM HEWIG III
JEANNE S. McKNIGHT

KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
LAURA H. PAWLE
TODD A. FRAMPTON
JACKIE COWIN
SARAH N. TURNER

February 13, 2004

Clerk
United States District Court For
The District of Massachusetts
U.S. Courthouse
1 Courthouse Way
Boston, MA  02210

Re:    AT&T Wireless PCS, LLC, et al. v. Town of Acushnet, et al.
       (Zoning Board of Appeals of the Town of Acushnet)
       United States District Court (District of Massachusetts), C.A. No. 03-12459-PBS

Dear Sir/Madam:

     Enclosed for filing in the above-referenced litigation please find Defendants' Answer.

     Thank you for your attention to this matter.

                                        Very truly yours,

                                        Patricia A. Cantor

PAC/rlf
Enc.
cc:    Board of Selectmen
       Zoning Board of Appeals
       Kevin Joyce, Esq. and Ruth Silman, Esq.
       Stephen D. Anderson, Esq., Douglas H. Wilkins, Esq.
       and Curtis A. Connors, Esq.
213736/ACUS/0053

PRINTED ON RECYCLED PAPER